UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

GREAT LAKES TRANSPORTATION
HOLDING LLC, d/b/a METRO CARS,

    Plaintiff,

v.

AAA METRO LIMO, LLC and AQIL
ALTALAQANY,

    Defendants.

Case No.: 24-11193

Hon. Laurie J. Michelson

Magistrate Judge: Anthony P. Patti

## ORDER HOLDING DEFENDANTS AAA METRO LIMO, LLC AND AQIL ALTALAQANY IN CONTEMPT

On August 9, 2024, the Court granted Plaintiff Great Lakes Transportation Holding, LLC's Motion for Default Judgment and Permanent Injunction against Defendants AAA Metro Limo, LLC and Aqil Altalaqany. (ECF No. 13 ("Permanent Injunction").)

On February 10, 2025, Plaintiff filed a motion for contempt ("Motion"), asserting that Defendants had repeatedly violated the Permanent Injunction. (ECF No. 17.) Defendants did not file a response, nor did Defendants appear at the March 27, 2025, hearing scheduled by the Court. After considering the Plaintiff's Motion and its arguments at the March 27, 2025, hearing, and for the reasons stated more fully during the Court's oral ruling, Plaintiff's Motion is GRANTED IN PART, as follows.

The Court orders Defendants their agents, successors, assigns, affiliates, transferees, parents, agents, partners, principals, servants, employees, companies, corporations, subsidiaries, and any other related entities, and all persons acting

under, by, through, or in active concert or participation with them, including but not limited to any domain name registrars or registries holding or listing Defendants' websites, (collectively the "Enjoined Parties"):

    (1)    to fully comply with the terms of the Permanent Injunction entered by this Court;

    (2)    to cease operating the websites www.detroitcarsevice.com, www.detroitlimoscarservice.com, and any website domain name incorporating "Metro" and "Car(s)," "Metro" and "Limo(s)," and variations thereof (including plural forms); and to cease using Metro Cars, or any variations thereof (including singular and plural forms), as meta tags for, or as html or other source code for any of their websites including in graphics, reviews or embedded content, and in any social media accounts including as a handle, hashtag, or otherwise;

    (3)    to identify all other domain names the Enjoined Parties own and/or operate that violate the Permanent Injunction, as well as any website domain name incorporating "Metro" and "Car(s)," and "Metro" and "Limo(s)," and variations thereof (including plural forms) to Plaintiff, c/o Plaintiff's counsel, and identify the domain name registrars or registries of same to Plaintiff, c/o Plaintiff's counsel, and to transfer to Plaintiff such domain names, including the domain names www.detroitlimoscarservice.com, www.detroitcarsevice.com, and any other domain names in violation of this Order ("Known Domain Names");

    (4)    to identify all ways the Enjoined Parties use the terms "Metro" and "Car(s)" in close proximity, including on business cards, advertising, telephone,

verbal communications, social media, and all other ways to Plaintiff, c/o Plaintiff's counsel, and to destroy such materials, cease such use, and/or remove or take down, as appropriate, and to cease referring to the terms "Metro" and "Car(s)" in close proximity, and "Metro" and "Limo(s)" in close proximity, including as a part of any corporate name, company name, tradename, or DBA;

  (5) to identify all website designers, search engine marketing ("SEM") and search engine optimization ("SEO") tools, platforms, service providers, and/or companies, graphic designers, search engines (e.g., Google, Yahoo, Bing), advertisers including any pay-per-click advertising platforms, review services (e.g., Yelp, Google, Trust Pilot), payment platforms and payment apps, and others involved or retained in promoting or servicing Defendants' taxi, transportation, or chauffeur services including on or in connection with all Known Domain Names ("Contributors") to Plaintiff, c/o Plaintiff's counsel, and provide all known addresses and contact information including name(s), phone number(s) and email address(es) for each and every Contributor, which will be treated confidentially by Plaintiff; and to remove and/or cease using or purchasing "Metro" and "Car(s)" and/or "Metro" and "Limo(s)" in close proximity, or any variations thereof including plural and singular forms, from any Known Domain Names or other domain names owned by the Enjoined Parties, as meta tags, key words, or in the source code for any domain names, or as the subject of or part of any advertising agreement, SEM and/or SEO efforts or other arrangement;

(6) to provide a log/list of customers or potential customers who provided any reviews referencing "Metro Car(s)" or who contacted the Enjoined Parties and mentioned Plaintiff or "Metro Car(s)" in any way, or who contacted the Enjoined Parties to inquire about Metro Car(s) and/or any relationship with Plaintiff (collectively "Customers"), or otherwise indicated any confusion between Plaintiff, Metro Car(s), Metro Limo(s) and/or any of the Enjoined Parties and to provide Plaintiff, c/o Plaintiff's counsel, a list/log of all such Customers providing relevant dates, the method of contact, and all known contact information including name(s), address(es), phone number(s) and email address(es) (with the addresses and phone numbers to be treated confidentially by Plaintiff in the event of further violation of this Order or the Permanent Injunction);

(7) to cease directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting, inducing, or participating in the infringement or violation of any of Plaintiff's trademarks or other intellectual property, whether now in existence or hereafter created, including but not limited to any of Plaintiff's trademarks or similar variations thereof for any METRO CAR(S) or METRO CAB(S) marks;

(8) to cease offering to the public, providing, marketing, advertising, promoting, selling, hosting, utilizing or otherwise enabling Defendants to use or advertise, or benefit from, any domain names, content, user reviews, websites, key words, meta tags, SEM (including pay-per-click advertising), SEO, or the like incorporating METRO and CAR(S) in close proximity; and

(9)   to cease supporting or facilitating access to any or all domain names, URLs, or websites in violation of this Order (including, without limitation the Known Domain Names, any successor or redirected websites, chatrooms, and other social media websites or apps through which Defendants or their members infringed or continue to infringe Plaintiff's rights under the Trademark Laws), or supporting or facilitating the purchase of advertising, key words, metatags, Adwords, online reviews, handles, pages or the like, which themselves infringe Plaintiff's rights under the Trademark Laws.

IT IS FURTHER ORDERED that Defendants shall file with the Court and serve on Plaintiff three detailed compliance reports submitted 6 months, 12 months, and 24 months from entry of this Order detailing all steps or attempts at compliance.

IT IS FURTHER ORDERED that Defendants shall pay to Plaintiff its reasonable attorney's fees for bringing its Motion in the amount of $27,996.00. This is supported by the Declaration Summarizing Plaintiff's Attorney's Fees and attached documentation submitted by Plaintiff on April 7, 2025 (ECF No. 39), as well as reasoning and findings similar to those articulated in the Court's Order Granting Plaintiff's Motion for Attorney's Fees (ECF No. 14) that followed Plaintiff's Motion for Default Judgment (ECF No. 12).

Defendants are hereby put on notice that further violation of the Court's orders will lead to additional sanctions, including the possibility of disgorgement of profits (and discovery related to same), daily monetary fines, and the issuance of a bench warrant for arrest and/or incarceration.

This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order.

IT IS SO ORDERED.

Dated: April 8, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
